**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-6627 |
| Plaintiff - Appellee, | D.C. No. 2:16-cv-01041-TSZ |
| v. | |
| DAVID A. GOULD, | MEMORANDUM* |
| Defendant - Appellant, | |
| and | |
| JANE C. POLINDER, WHATCOM COUNTY TREASURER, FINANCIAL CONCEPTS, LTD., GOLDSTAR ENTERPRISES, INC., BROOKLINE PROPERTIES, | |
| Defendants. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted July 15, 2026**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: NGUYEN, OWENS, and LEE, Circuit Judges.

David A. Gould appeals pro se from the district court's judgment reducing his federal income tax liabilities to judgment and foreclosing federal tax liens, and the district court's related post-judgment enforcement orders. We review de novo the district court's grant of summary judgment. *Oppenheimer & Co. Inc. v. Mitchell*, 135 F.4th 837, 844 (9th Cir. 2025). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. The district court correctly entered summary judgment against Gould for the assessed taxes, penalties, and interest for 2000 through 2004. In an action to reduce tax assessments to judgment, the government satisfies its initial burden by introducing competent evidence of the assessments, which are entitled to a presumption of correctness when supported by a minimal factual foundation. *See Oliver v. United* States, 921 F.2d 916, 919 (9th Cir. 1990); *United States v. Stonehill*, 702 F.2d 1288, 1293–94 (9th Cir. 1983); *Palmer v. IRS*, 116 F.3d 1309, 1312–13 (9th Cir. 1997). Here, the government introduced declarations from IRS officials, substitute returns, notices of deficiency, Forms 4340 reflecting the assessments, and supporting examination materials. It also submitted bank, credit card, and other financial records linking Gould to the unreported income on which the assessments were based. The Forms 4340 constitute probative evidence that

the assessments and notices were properly made.  *See Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992); *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (per curiam).

Gould failed to show by a preponderance of the evidence that the assessments were arbitrary or erroneous.  *See Stonehill*, 702 F.2d at 1294.  His decade-late tax returns did not overcome the presumption of correctness because they merely reflected his own calculations after the IRS had already prepared substitute returns pursuant to 26 U.S.C. § 6020(b).  Moreover, Gould failed to substantiate the income, deductions, credits, and exemptions claimed in those returns.  His accountant testified that the returns were largely drawn from Gould's estimates and a brief email summary, not contemporaneous records, and Gould produced no documentary evidence corroborating the claimed figures.  Gould's self-serving estimates are insufficient to rebut an otherwise-valid assessment.  *See Cracchiola v. Commissioner*, 643 F.2d 1383, 1385 (9th Cir. 1981); *Geiger v. Commissioner*, 440 F.2d 688, 689 (9th Cir. 1971) (per curiam).  Ultimately, Gould has identified no material factual dispute that would call into question the district court's grant of summary judgment.

Nor was Gould deprived of his due process rights when the government revised its calculations *downward* before summary judgment.  The revised computations were disclosed during the litigation, explained in an IRS declaration,

and supported by accompanying documentation.  Gould had the opportunity to challenge those revised calculations in opposing summary judgment.  Because he had a meaningful opportunity to contest the evidence before the judgment, he was not denied due process.  *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).  The district court thus properly entered judgment based on the revised, reduced liabilities.

2. The district court correctly concluded that Gould had a property interest in the 6109 Evergreen Way property held by Brookline Properties.  As the district court acknowledged, Gould failed to raise any challenges to the government's nominee or alter ego theories at the summary judgment stage.  *See LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009) ("We will not reverse a district court's grant of summary judgment unless the party opposing the summary judgment motion has identified the evidence establishing a genuine issue of material fact in its opposition to summary judgment."); *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000).  Although Gould now argues that Brookline Properties was not his nominee or alter ego, he has waived that challenge by failing to raise it below.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("As a general rule, we will not consider arguments that are raised for the first time on appeal.").  Thus, we need not reach the district

court's alternative conclusion that the transfer of the Evergreen Way property to Brookline Properties was fraudulent and voidable.

3. The district court properly exercised its broad discretion to appoint a receiver and enforce the judgment. Federal district courts are authorized by statute to issue an order appointing a receiver to enforce a valid federal tax lien in an I.R.C. § 7403 action like this one. I.R.C. § 7403(d). Gould's argument that his appeal from the district court's judgment and order of sale divested that court of jurisdiction to enter orders regarding that judgment fails because a "district court may retain jurisdiction . . . in aid of execution of a judgment that has not been superseded." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997).

**AFFIRMED.**